## GOODWIN vs. IRWIN.

*Fourth District Court for San Francisco Co., Dec. T.,* 1857.

### JURISDICTION—DEMURRER.

The service and return of a summons is sufficient to give the district court jurisdiction of the person of the defendant, when the action is brought to recover more than $200.

An action may be properly *brought* in one county, although the *place of trial* is in another.

When the action is *brought* in one county and by law is triable in another county, the remedy is not by demurrer, but in a motion to change the place of trial.

The plaintiff, a resident of San Francisco city and county, brought this action of replevin against defendant, the sheriff of Sierra county.

Defendant demurred to the complaint on the following grounds :

1st. That this court has no jurisdiction of the person of the defendant or the subject of the action.

2d. That the complaint does not state facts sufficient to constitute a cause of action.

*Harmon & Labatt,* for plaintiff.

*W. W. Crane,* for defendant.

HAGER, J.—The summons has been regularly served and returned, which is sufficient to give the court jurisdiction of the person of defendant, and the subject of the action being to recover $2,000 damages for the unlawful taking and detention of plaintiffs' personal property, is solely within the jurisdiction of the district courts.

In support of the demurrer, it is urged that inasmuch as it appears by the complaint that defendant is sheriff of the county of Sierra, it must therefore be inferred that he is sued for an act done in virtue of his office ; and under § 19 of the *practice act,* the action must be tried in that county. This does not follow. A court may have jurisdiction of the person and subject of the action even if the proper county is not named and the defendant is entitled to have it tried in another county. The action, even if it be against the sheriff, for an act done in virtue of his office, may be properly brought in this county, although the place of trial may be in Sierra county. The language of the *practice act* applicable to such cases, is, that it " shall be tried "—not that it shall *be brought* " in the county where the cause, or some part thereof arose ;" and § 21 authorizes the court to change the place of trial, when the county designated in the complaint is not the proper county. By this complaint, it does not appear that defendant is sued for an act done in virtue of his office, or that the cause of action, or any part thereof, arose in the county of Sierra. If such, in fact, be the case, the transfer will be ordered when it is made to appear, but it is not a ground of demurrer. Judgment for defendant upon this ground of demurrer would not transfer the action to the proper county or determine whether the plaintiff, if the allegations of his complaint are true, ought to recover.

If it appears by the complaint that another county is the proper place of trial, it would be correct practice for the defendant to move for a transfer to that county, upon the complaint ; if it does not so appear,

the motion to change the place of trial should be made upon the answer or affidavits. Whenever it is made to appear that the place of trial is in another county, I will consider it my duty to make the transfer, whether the parties ask it or not.

The second ground of demurrer I think is not well taken. Demurrer overruled.